# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

NORRIS B. HOWARD
ADC #83225                                                                                        PETITIONER

VS.                             5:14CV00062 DPM/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                         RESPONDENT

## ORDER

In this habeas action, Petitioner attacks a January 29, 2013 disciplinary conviction and the subsequent denial or "rescission" of his release on parole. He has filed several motions that collectively request various forms of discovery, which are addressed below.[1]

As to his January 29, 2013 disciplinary conviction, Petitioner requests the production of: (1) "all 005 forms filed by any staff;" (2) witness statements; (3) "memos accepted into evidence by the DHO;" (4) "the charging officer's statement if different from the statement written on the [major disciplinary] form;" (5) a copy

---

[1] Pursuant to Rule 6(a) of the Rules Governing § 2254 cases, the Court may, for "good cause," authorize a party to conduct discovery pursuant to the Federal Rules of Civil Procedure. *See also Bracy v. Gramley*, 520 U.S. 899, 904-09 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course"; instead, the petitioner must first demonstrate "good cause" before obtaining the court's permission to engage in discovery).

of the letter he [Petitioner] wrote; and (6) a "complete transcript" of the January 29, 2013 disciplinary hearing.

Respondent objects to Petitioner's request for discovery. As to the underlying habeas claim, Respondent argues, among other things, that "some evidence" supports the January 29, 2013 disciplinary conviction, and that the due process requirements for a prison disciplinary hearing were satisfied. In support of this argument, Respondent cites to "Howard's attachments to his petition [which] indicate that these requirements of due process were met[.]" *Doc. 12 at 6*. However, Respondent does *not* indicate whether "Howard's attachments to his petition" constitute the complete ADC file of the January 29, 2013 disciplinary conviction.[2]

In determining whether "some evidence" supports the January 29, 2013 disciplinary, it would be helpful to the Court to have the ADC file of the disciplinary conviction. Thus, the Court will require Respondent to produce the ADC file of the January 29, 2013 disciplinary conviction. Petitioner's remaining requests for discovery, including leave to propound Interrogatories and Requests for Admissions, will be denied.

As to the denial or "rescission" of parole, Petitioner requests: (1) various Parole Board policies and procedures; (2) "a complete transcript" of his June 6,

---

[2] The documents attached to the Petition include the disciplinary charging document, the decision of the DHO, and Petitioner's appeal documents. *Doc. 2 at 39-58*. The DHO's decision references various documents that were part of the "evidence relied upon" that are not attached to the habeas Petition. *Doc. 2 at 41*.

2013 Parole Board hearing; and (3) a copy of any "vote sheet" whereby the Parole Board voted to "rescind" his parole.

Notably, Respondent argues that Petitioner's habeas claim regarding the Parole Board is procedurally defaulted due to Petitioner's failure to exhaust available remedies in state court. When the Court takes up the merits of the habeas Petition, it will determine whether this procedural default defense has merit. If the Court determines that Petitioner has not procedurally defaulted this claim, it can revisit the issue of whether the factual record is adequately developed. Thus, Petitioner's requests for discovery with regard to his Parole Board claim will be denied at this time.

Finally, Petitioner requests an evidentiary hearing. It is the general practice of the Court to resolve habeas Petitions based on the pleadings alone and hold hearings only if there are factual issues that need to be resolved. *See* Rule 8 of the Rules Governing § 2254 cases (providing that a district court has the discretion to hold an evidentiary hearing if a habeas petition is not dismissed at an earlier stage in the proceeding). Accordingly, Petitioner's request for an evidentiary hearing will be denied at this time, subject to revisiting the issue once the Court takes up the Petition.

IT IS THEREFORE ORDERED THAT:

1. Petitioner's Motion to Compel Production (*doc. 16*), is GRANTED, IN PART, and DENIED, IN PART. Within thirty days of the entry of this Order, Respondent shall produce the ADC file of Petitioner's January 29, 2013 disciplinary conviction. Petitioner's remaining requests for production are DENIED.

2. Petitioner's Motions requesting leave to propound Requests for Admissions and Interrogatories (*dos. 19 and 20*), and Motions for an Evidentiary Hearing (*docs. 15 and 23*), are DENIED.

Dated this 10th day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE